# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO. 3:13-CV-564 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| CELENA M. HARDING and RICHARD M. HARDING, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is a Motion for Summary Judgment (Doc. 8) filed by Plaintiff United States of America, which has instituted this mortgage foreclosure action against Defendants Richard and Celena Harding on behalf of its agency, the United States Department of Agriculture, Rural Housing Service ("RHS"). For the reasons below, the Court will grant Plaintiff's motion.

## **BACKGROUND**[1]

### A. Factual Background

On June 22, 2009, Plaintiff, acting through the Under Secretary of Rural Development, on behalf of RHS, loaned Defendants $166,800.00 pursuant to Title V of the Housing Act of 1949, as amended, 42 U.S.C. § 1471, *et seq.* (Doc. 10, Ex. A.) That same day, Defendants executed and delivered a Promissory Note ("Note") to Plaintiff in the same amount as evidence of the indebtedness. (Doc. 10, Ex. B.) To secure the loan, Defendants also executed a Real Estate Mortgage ("Mortgage") which granted, conveyed, and mortgaged the real property with the address of 550 Prouty Road, Austin, Pennsylvania

---

[1] Unless otherwise indicated, the following material facts are undisputed.

16720 ("the Property") to Plaintiff.  (Doc. 10, Ex. A.)  The Mortgage was recorded on June 23, 2009 with the Office of the Recorder of Deeds in Potter County, Pennsylvania.  (*Id.*)  Plaintiff remains the owner and holder of the Note and Mortgage.

Defendants made two payments on the Note: a $500.00 payment on September 4, 2009 and a $900.00 payment on September 25, 2009.  (Doc. 10, Ex. F-1.)  On September 6, 2010, the Note was reamortized, effective as of August 22, 2010, with a new principal balance of $172,324.51.  (Doc. 10, Ex. D.)  Although Defendants made no payments on the Note after reamortization, Plaintiff recovered two of Defendants' federal tax refunds in February 2012.  (Doc. 10, Ex. F-2.)  The recovery of $10,143.00 (less $34.00 in recovery fees) was applied to back payments from September 22, 2010 through February 22, 2012, reducing the principal balance to $167,880.20 and leaving the account due and owing for March 22, 2012.  (*Id.*)

On June 14, 2012, Plaintiff mailed Notices of Intention to foreclose to Defendants at the Property address and their last known address.  (Doc. 10, Ex. E.)  Mr. Harding received and signed for the notice sent to him at his last known address on June 19, 2012; he signed and received for the notice sent to him at the Property address (which was then forwarded to his last known address) on July 14, 2012.  (*Id.*)  The notices sent to Ms. Harding were unclaimed and returned to Plaintiff.  (*Id.*)

**B.  Procedural History**

Plaintiff commenced this mortgage foreclosure action on February 28, 2013, claiming that the Note and Mortgage are in default, as Defendants have failed to: pay the installments of principal and interest when due, pay real estate taxes when due, and maintain the security

2

of the Property. (Doc. 1 at ¶ 9.) Mr. Harding denies this, claiming that he lacks knowledge, information, or belief about the payment history of the Note or Mortgage. (Doc. 6 at ¶ 9.) Due to Defendants' breaches of the Note and Mortgage, Plaintiff elects to declare the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable. (Doc. 1 at ¶ 10.) Plaintiff claims this amount to be $187,861.62 (Doc. 10 at ¶ 12); Mr. Harding disputes this amount and claims that Plaintiff has not properly credited him for the amounts that have been paid on the Note (Doc. 6 at ¶ 11).[2]

Ms. Harding waived service on March 4, 2013 (Doc. 5), and Mr. Harding was served on April 18, 2013 (Doc. 4). Mr. Harding answered the Complaint on May 8, 2013 (Doc. 6), but Ms. Harding has not entered an appearance in this matter or answered the Complaint. Plaintiff moved for summary judgment on June 28, 2013 (Doc. 8); Mr. Harding has not filed a brief in opposition.[3] A case management conference was held on August 1, 2013. The motion is thus ripe for disposition.

## **LEGAL STANDARD**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

---

[2] A third tax refund of $7,386.00 was recovered in April 2013, but because that sum was not sufficient to reinstate Defendants' account, it was applied to a direct reduction of the principal, which is now $160,494.20. (Doc. 10, Ex. F-2.)

[3] Because Defendants have not filed a brief in opposition to Plaintiff's motion, it is deemed unopposed. Nevertheless, the Court must analyze the merits of the motion to determine whether summary judgment is appropriate. *See Lorenzo v. Griffith,* 12 F.3d 23, 28 (3d Cir. 1993); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review,* 922 F.2d 168, 174–75 (3d Cir. 1990).

3

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727 (2d ed.1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence

4

supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). And, "[t]o defeat summary judgment, [the non-moving party] 'cannot rest simply on the allegations in the pleadings,' but 'must rely on affidavits, depositions, answers to interrogatories, or admissions on file.'" *GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189, 199 (3d Cir. 2001) (quoting *Bhatla v. U.S. Capital Corp.*, 990 F.2d 780, 787 (3d Cir. 1993)).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. N.J. Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, [it] must be more than a scintilla." *Id.* (quoting *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## **ANALYSIS**

Plaintiff contends that, based on the undisputed facts, it is entitled to judgment as a matter of law. "In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation." *Chemical Bank v. Dippolito*, 897 F. Supp. 221, 224 (E.D. Pa. 1995). Defendants do not dispute the

5

validity of the Note or Mortgage or their obligations under either instrument. Additionally, they have failed to adduce any evidence showing that they are not in default on their Mortgage,[4] whereas Plaintiff has fully documented Defendants' default. In this matter, the undisputed facts show that: Plaintiff loaned $166,800.00 to Defendants, Defendants conveyed a mortgage to Plaintiff as security for the loan, and Defendants defaulted on that loan. Therefore, Plaintiff is entitled to judgment as a matter of law, and its summary judgment motion (Doc. 8) will be granted.

## **CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's Motion for Summary Judgment (Doc. 8). An appropriate order follows.


August 2, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

---

[4] In his Answer, Mr. Harding denies that Plaintiff is the holder of the Note and the Mortgage (Doc. 6 at ¶ 7) and that the Note and Mortgage are in default (*Id.* at ¶ 9) due to his lack of knowledge, information, or belief about these matters. He also denies the amounts due and owing on the Note and Mortgage on the grounds that he was never given proper credit for the amounts that have previously been paid. (*Id.* at ¶ 11.) Finally, he denies that Plaintiff mailed a Notice of Intention to Foreclose to him at his current address. (*Id.* at ¶ 12.) However, his reliance on the pleadings is insufficient at the summary judgment stage. *See, e.g., Colkitt*, 272 F.3d at 199.